JUDGE BERMAN 11 CV 1913

James A. Hunter (JH-1910)
HUNTER & KMIEC
150 East 44th Street, No. 9A
New York, New York 10017
Tel: (646) 666-0122
Fax: (646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Plaintiff*




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA ANN GABRIELE CHECHELE,

Plaintiff,

– v. –

DIALECTIC CAPITAL MANAGEMENT, LLC; DIALECTIC CAPITAL PARTNERS, LP; DIALECTIC OFFSHORE, LTD.; DIALECTIC ANTITHESIS PARTNERS, LP; DIALECTIC ANTITHESIS OFFSHORE, LTD.; JOHN FICHTHORN; and LUKE FICHTHORN,

Defendants,

and

LEADIS TECHNOLOGY, INC.,

Nominal Defendant.

ECF CASE

No. ____________________

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)

Plaintiff Donna Ann Gabriele Chechele, by her attorneys Hunter & Kmiec, hereby complains of Defendants, averring as follows:

## JURISDICTION AND VENUE

1. This action arises under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b). Jurisdiction is conferred upon this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa.

2. Venue is properly laid in this District pursuant to Section 27 of the Act because all of the non-nominal Defendants are found in and transact business in this District and because some or all of the purchase and sales of securities described herein were executed in ordinary brokerage transactions through the facilities of The NASDAQ Stock Market LLC, a national securities exchange registered pursuant to Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

## THE PARTIES

3. Plaintiff Donna Ann Gabriele Chechele is a New Jersey resident and shareholder of nominal Defendant Leadis Technology, Inc.

4. Upon information and belief, nominal Defendant Leadis Technology, Inc. is either (i) a Delaware corporation or, in the alternative, (ii) an unincorporated association, in either case doing business under the name "Leadis Technology, Inc." and with a principal place of business located at 800 W. California Ave., Suite 200, Sunnyvale, California 94086. The allegation set forth in this paragraph 4 is founded upon information received from publicly available databases maintained by the Secretaries of State of the States of Delaware and California.

5. Defendant Dialectic Capital Partners, LP ("DCP") is a Delaware limited partnership whose principal place of business is located at 875 Third Avenue, 15th Floor, New York, New York 10022.

6. Defendant Dialectic Offshore, Ltd. ("DOF") is a Cayman Islands exempted company whose principal place of business is located at Goldman Sachs Administration Services, Hardwicke House, 2nd Floor, Hatch Street, Dublin 2, Ireland.

7. Defendant Dialectic Antithesis Partners, LP ("DAP") is a Delaware limited partnership whose principal place of business is located at 875 Third Avenue, 15th Floor, New York, New York 10022.

8. Defendant Dialectic Antithesis Offshore, Ltd. ("DAO") is a Cayman Islands exempted company whose principal place of business is located at Goldman Sachs Administration Services, Gardenia Court, Suite 3307, 45 Market Street, Camana Bay, Grand Cayman KY1-1103, Cayman Islands.

9. Defendant Dialectic Capital Management, LLC ("Dialectic LLC") is a Delaware limited liability company whose principal place of business is located at 875 Third Avenue, 15th Floor, New York, New York 10022. Dialectic LLC is the investment adviser to DCP, DOF, DAP, and DAO.

10. Defendant John Fichthorn ("J. Fichthorn") is a natural person whose principal place of business is located at 875 Third Avenue, 15th Floor, New York, New York 10022. J. Fichthorn is one of the managing members of Dialectic LLC.

11. Defendant Luke Fichthorn ("L. Fichthorn" and, together with J. Fichthorn, Dialectic Capital Management, DCP, DOF, DAP, and DAO, the "Dialectic

Defendants") is a natural person whose principal place of business is located at 875 Third Avenue, 15th Floor, New York, New York 10022. L. Fichthorn is one of the managing members of Dialectic LLC.

**STATUTORY REQUISITES**

12. The violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

13. At all relevant times prior to the termination of its registration on November 9, 2009, the common stock of nominal Defendant Leadis Technology, Inc. was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78*l*.

14. Demand for prosecution was made on nominal Defendant Leadis Technology, Inc. by Plaintiff on December 6, 2010. More than 60 days have passed since such demand was made, during which time nominal Defendant Leadis Technology, Inc. has failed to file suit. Further delay in filing suit would be a futile gesture.

15. This action is brought within two years of the occurrence of the violations described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), setting forth the substance of the transactions here complained of were first filed with the U.S. Securities and Exchange Commission ("SEC").

## FACTUAL ALLEGATIONS

16. At all relevant times, the Dialectic Defendants were shareholders of nominal Defendant Leadis Technology, Inc., and each Dialectic Defendant beneficially owned in excess of 10% of the outstanding shares of its common stock.

17. The Dialectic Defendants purchased, or caused to be purchased, shares of the common stock of nominal Defendant Leadis Technology, Inc. on the dates, in the amounts, and at the prices set forth in the following table:

| Date of Transaction | Transaction | Number of Shares | Price per Share |
|---|---|---|---|
| 09/25/2009 | Purchase | 820,000 | $1.00 |
| 09/25/2009 | Purchase | 101,844 | $1.00 |
| 09/25/2009 | Purchase | 52,972 | $1.00 |
| 09/25/2009 | Purchase | 267,976 | $1.00 |
| 09/25/2009 | Purchase | 397,208 | $1.00 |
| 09/28/2009 | Purchase | 102,418 | $1.01 |
| 09/28/2009 | Purchase | 12,720 | $1.01 |
| 09/28/2009 | Purchase | 6,626 | $1.01 |
| 09/28/2009 | Purchase | 33,470 | $1.01 |
| 09/28/2009 | Purchase | 49,612 | $1.01 |
| 09/29/2009 | Purchase | 12,000 | $1.00 |
| 09/29/2009 | Purchase | 1,490 | $1.00 |
| 09/29/2009 | Purchase | 775 | $1.00 |
| 09/29/2009 | Purchase | 3,922 | $1.00 |
| 09/29/2009 | Purchase | 5,813 | $1.00 |
| 09/30/2009 | Purchase | 45,000 | $1.00 |
| 09/30/2009 | Purchase | 5,589 | $1.00 |

| | | | |
|---|---|---|---|
| 09/30/2009 | Purchase | 2,907 | $1.00 |
| 09/30/2009 | Purchase | 14,706 | $1.00 |
| 09/30/2009 | Purchase | 21,798 | $1.00 |
| 10/01/2009 | Purchase | 35,200 | $1.00 |
| 10/01/2009 | Purchase | 4,393 | $1.00 |
| 10/01/2009 | Purchase | 2,566 | $1.00 |
| 10/01/2009 | Purchase | 11,472 | $1.00 |
| 10/01/2009 | Purchase | 16,769 | $1.00 |
| 10/02/2009 | Purchase | 25,000 | $1.00 |
| 10/02/2009 | Purchase | 3,120 | $1.00 |
| 10/02/2009 | Purchase | 1,822 | $1.00 |
| 10/02/2009 | Purchase | 8,148 | $1.00 |
| 10/02/2009 | Purchase | 11,910 | $1.00 |
| 10/05/2009 | Purchase | 154,500 | $1.00 |
| 10/05/2009 | Purchase | 19,282 | $1.00 |
| 10/05/2009 | Purchase | 11,263 | $1.00 |
| 10/05/2009 | Purchase | 50,352 | $1.00 |
| 10/05/2009 | Purchase | 73,603 | $1.00 |

18. The Dialectic Defendants sold, or caused to be sold, shares of the common stock of nominal Defendant Leadis Technology, Inc. on the dates, in the amounts, and at the prices set forth in the following table:

| | | | |
|---|---|---|---|
| 11/17/2009 | Sale | 4,213,181 | $1.03 |
| 11/17/2009 | Sale | 612,526 | $1.03 |
| 11/17/2009 | Sale | 273,107 | $1.03 |
| 11/17/2009 | Sale | 1,294,756 | $1.03 |
| 11/17/2009 | Sale | 2,032,792 | $1.03 |

**FIRST CLAIM FOR RELIEF**
**(AS TO THE DIALECTIC DEFENDANTS)**

19. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-18 above.

20. Each sale of the common stock of nominal Defendant Leadis Technology, Inc. as described in paragraph 18 above occurred within six months of, and at a price higher than, each purchase of the common stock of nominal Defendant Leadis Technology, Inc. as described in paragraph 17 above.

21. Each Dialectic Defendant had a pecuniary interest, directly or indirectly, in some or all of the shares of the common stock of nominal Defendant Leadis Technology, Inc. purchased and sold as described in paragraphs 17-18 above.

22. Under the "lowest-in, highest-out" method for computing realized profits pursuant to Section 16(b) of the Act, the Dialectic Defendants realized recoverable profits as a result of the transactions described in paragraphs 17-18 above in an aggregate amount equal to approximately $69,600.

23. Pursuant to Section 16(b) of the Act, the profits realized by the Dialectic Defendants as described in paragraph 22 above inured to and are the lawful property of nominal Defendant Leadis Technology, Inc., recoverable by Plaintiff in its stead, nominal Defendant Leadis Technology, Inc. having failed or refused to seek recovery of the same.

**SECOND CLAIM FOR RELIEF**
**(AS TO THE DIALECTIC DEFENDANTS)**

24. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-23 above.

25. This Second Claim for Relief is a precaution against possible errors of detail attributable to gaps or inaccuracies in the public record, the failure of any Dialectic Defendant to file reports as required by Section 16(a) of the Act, or against the discovery or execution of additional short-swing trades during the course of this action.

26. One or more of the Dialectic Defendants purchased and sold shares of a class of the equity of nominal Defendant Leadis Technology, Inc. (or derivative securities thereof) within less than six months while a holder of in excess of 10% of the outstanding shares of any class of the equity of nominal Defendant Leadis Technology, Inc. registered pursuant to Section 12 of the Act.

27. The purchases and sales described in paragraph 26 above cannot be identified by Plaintiff with specificity because they have not been publicly reported, and the Dialectic Defendants have failed or refused to disclose these trades (or the absence thereof) upon inquiry from Plaintiff's counsel.

28. Each Dialectic Defendant had a direct or indirect pecuniary interest in all of the shares of the equity of nominal Defendant Leadis Technology, Inc. purchased or sold as described in paragraph 26 above.

29. The purchases and sales described in paragraph 26 above may be matched against each other (or with other sales and purchases described herein) using the "lowest-in, highest-out" method to arrive at profits, their exact amount being unknown to

Plaintiff, which profits inured to and are the lawful property of nominal Defendant Leadis Technology, Inc., recoverable by Plaintiff in its stead, nominal Defendant Leadis Technology, Inc. having failed or refused to seek recovery of the same.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment:

(a) Requiring each Dialectic Defendant to account for and pay over to nominal Defendant Leadis Technology, Inc. the short-swing profits realized and retained by such Dialectic Defendant in violation of Section 16(b) of the Act, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting to Plaintiff such other further relief as the Court may deem just and proper.

Dated: March 18, 2011
New York, New York

HUNTER & KMIEC

By: ______________________

James A. Hunter
150 East 44th Street, No. 9A
New York, New York 10017
Tel: (646) 666-0122
Fax: (646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Plaintiff*